PEOPLE *ex rel.* KOENIG *v.* FRENCH *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* January 24, 1890.)

1. MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—REVIEW.
    Where, in proceedings before the police commissioners, the evidence is conflicting, their action in determining its weight cannot be reviewed.
2. SAME—RECORD.
    The action of the police commissioners in dismissing relator from the police force will not be reversed on the ground that relator was sworn by the commissioners and examined as a witness, where the record does not show that the commissioners required him to be sworn as a witness, or that he objected.

*Certiorari* to police commissioners.

Herman A. Koenig, a policeman in the city of New York, was dismissed from the police force by the police commissioners, and brings *certiorari* to review their action.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. J. Grant,* for relator. *J. J. Delany,* for respondents.

VAN BRUNT, P. J. The only question which can be considered upon this *certiorari* is whether there was any such error in the proceedings of the commissioners as requires a reversal of their action. The evidence was conflicting, and, whatever might be our opinion had we the right to determine the weight of evidence, no such right exists, and the action of the respondents cannot be interfered with upon that ground.

It is claimed that the return shows a clear violation by the commissioners of a fundamental principle of law; that is, that the relator was sworn by the commissioners and examined as the very first witness. But there is nothing

in the record to show that the commissioners required the relator to be sworn as the first witness. The record simply states, "Charge read, defendant sworn," and then the testimony goes on. What the relator's rights would have been had he objected to being sworn and testifying, before any proof was given of the truth of the charge for which he was to be tried, it is not necessary now to determine. But he did not so object, and he admitted upon his examination that the charge that he was off the post was true. No objection having been taken to this course of procedure, there is no ground upon which the action of the police commissioners can be reversed. It does not appear but that the defendant offered himself as a witness, and it was at his wish and request that he was sworn and examined as to the truth of the charge. The point presented affords no ground for an interference with the action of the respondents, and their proceedings should therefore be affirmed, and the writ dismissed, with costs. All concur.